| Attorney or Party Name, Address, Telephone & FAX Nos, State Bar No & Email Address | FOR COURT USE ONLY |
|---|---|
| GARY L. BARR (75771)<br>MARK S. BLACKMAN (119466)<br>ALPERT, BARR & GRANT, APLC<br>6345 Balboa Blvd., Suite I-300<br>Encino, California 91316-1523<br>(818) 881-5000<br>(818) 881-1150 FAX<br>(MBlackman@AlpertBarr.Com)<br><br>☐ *Movant appearing without an attorney*<br>■ *Attorney for: Movant* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - __SANTA ANA__ DIVISION

| In re: MEGA RV CORP., a California Corporation, dba McMahon's RV dba McMahon's RV Irvine dba McMahon's RV Colton dba McMahon's RV Palm Desert;<br><br><br><br><br>Debtor(s) | CASE NO.: 8:14-bk-13770 MW<br><br>CHAPTER: 11<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (PERSONAL PROPERTY)**<br><br>DATE: DECEMBER 8, 2014<br>TIME: 9:00 AM<br>COURTROOM: 6C |
|---|---|
| Movant: BANK OF THE WEST, a California Corporation | |

1. **Hearing Location:**

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ■ 411 West 4th, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and Trustee (if any)("Responding Parties"), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 1                          **F 4001-1.RFS.PP.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ■ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set for above no less than 14 days before the hearing and  appear at the hearing of this motion.

7.  □ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a.  □ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  □ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  □ An application for order setting hearing on shortened notice was filed and remains pending.  After  the court has ruled on that application, you will be served with another notice or an order that specifies the date, time  and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Dated: 10/15/14

                    ALPERT, BARR & GRANT, A Professional Law Corporation
                    Print name of law firm (if applicable)

                    MARK S. BLACKMAN
                    Print name of individual Movant or attorney for Movant

                    Mark S. Blackman
                    Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                                    F 4001-1.RFS.PP.MOTION

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PERSONAL PROPERTY**

1. Movant has a perfected security interest in the property

2. **The Property at issue (Property):**

    a. ■  Vehicle *(year, manufacturer, type, and model)*:
       VARIOUS VEHICLES WHICH DEBTOR HAS IN ITS POSSESSION
       (SEE ATTACHED CONTINUATION PAGES FOR COMPLETE DETAILS AND DESCRIPTION OF VEHICLES)

       *Vehicle Identification Number:*
       *Location of vehicle (if known):*

    b. ☐  Equipment *(describe manufacturer, type, and characteristics)*:

       *Serial number(s):*
       *Location (if known):*

    c. ☐  Other Personal Property *(type, identifying information, and location)*:

       Located at:

3. **Bankruptcy Case History:**

    a. ■  A voluntary bankruptcy petition  ☐ An involuntary bankruptcy petition
       under Chapter  ☐ 7  ■ 11  ☐ 12  ☐ 13  was filed on *(date)*: 06/15/2014

    b. ☐  An order to convert this case to chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13  was entered on *(date)*:

    c. ☐  Plan was confirmed on *(date)*:

4. **Grounds for Relief from Stay:**

    a. ■  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

       (1) ■  Movant's interest in the Property is not adequately protected.

          (A) ■  Movant's interest in the Property is not protected by an adequate equity cushion.

          (B) ■  The fair market value of the Property is declining and payments are not being made to Movant
              sufficient to protect Movant's interest against that decline.

          (C) ☐  Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's
              obligation to insure the collateral under the terms of Movant's contract with Debtor.

          (D) ■  Other *(see attached continuation page)*

       (2) ☐  The bankruptcy case was filed in bad faith

          (A) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in Debtor's case
              commencement document.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.PP.MOTION

## GROUNDS FOR RELIEF FROM STAY 4a(1)(D)

Prior to the bankruptcy filing while Debtor was apparently facing financial reverses, Debtor received funds which were to be used to pay off a number of motor homes in which Movant, Bank of the West ("Movant") held and continues to hold the original certificates of title as the lienholder.

In 5 of the 6 motor home loans/liens at issue (Savity, Savaglio, Bunney, Farmer and Johnson), a borrower of Movant purchased a new motor home from Debtor and traded in an older motor home in which Movant was the lienholder. Although Debtor collected the funds on the new motor home loans, Debtor failed to pay Movant and Movant has not released its liens. The borrowers on these vehicles are now obligated on the new Motor Home purchases and continue to owe Movant under the terms of their contracts on the used (trade-in) motor homes.

In the remaining case (Spurlock), the borrower purchased a new travel trailer from Debtor, financing it through Movant. The borrower made arrangements for the Debtor to deliver the new vehicle and pick up the trade-in. When Debtor attempted to deliver the new vehicle, the Borrower claims to have refused to accept delivery. Movant financed the borrower's new trailer and is the secured creditor with a duly perfected lien. Borrower claims to have refused to accept delivery of the motor home or make payments to Movant.

## COLLATERAL FOR WHICH RELIEF FROM STAY IS SOUGHT

## SUBJECT PROPERTY 1:

2014 Eclipse Stellar Mobilehome, VIN #5LZBW4038FR042562 ("Subject Property 1")

Movant financed borrower Rahimi Savity's ("Savity") purchase of Subject Property 1 and perfected its security interest by registering its lien interest on record title to said property. True and correct copies of the Security Agreement and paperless Certificate of Title are attached hereto as Exhibits "1" and "2", respectively, and are incorporated herein by this reference.

Savity traded in Subject Property 1 to the Debtor, however, the Debtor has not paid off the lien balance

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          F 4001-1.RFS.PP.MOTION

owing to Movant.

The balance due and owing to Movant is $74,999.15. A true and correct copy of Savity's payment history is attached hereto as Exhibit "3" and is incorporated herein by this reference.

There is no equity in Subject Property 1 for Debtor or Debtor's estate.  Since Subject Property 1 is a new 2014 model. There is no valuation available.

## SUBJECT PROPERTY 2:

2007 Coachman Freelander Motor Home, VIN #1FDXE45S66DA68284 ("Subject Property 2")

Movant financed borrower Lawrence Savaglio's ("Savaglio") purchase of Subject Property 2 and perfected its security interest by registering its lien interest on record title to Subject Property 2.  True and correct copies of the Security Agreement and Certificate of Title are attached hereto as Exhibits "4" and "5", respectively, and are incorporated herein by this reference.

Savaglio traded in Subject Property 2 to the Debtor, however, the Debtor has not paid off the lien balance owing to Movant.

The balance due and owing to Movant is $51,462.92. A true and correct copy of Savaglio's payment history is attached hereto as Exhibit "6" and is incorporated herein by this reference

There is no equity in Subject Property 2 for Debtor or Debtor's estate.  After reviewing the most recent edition of the NADA Recreational Vehicle Appraisal Guide Report, the current value of  Subject Property 2 is $44,610.00, while the outstanding balance is the sum of $51,462.92.  A true and correct copy of the NADA Recreational Vehicle Appraisal Guide Report is attached hereto as Exhibit "7" and is incorporated herein by this reference.

## SUBJECT PROPERTY 3:

2012 Lance (1685 Lance) Motor home, VIN #1L9TS1626CL311872 ("Subject Property 3")

Movant financed borrower Raymond V. Bunney's ("Bunney") purchase of Subject Property 3 and

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 5                                      F 4001-1.RFS.PP.MOTION

perfected its security interest by registering its lien interest on record title to Subject Property 3. True and

correct copies of the Security Agreement and paperless Certificate of Title are attached hereto as Exhibits "8"

and "9", respectively, and are incorporated herein by this reference.

Bunney traded in Subject Property 3 to the Debtor, however, the Debtor has not paid off the lien balance

owing to Movant.

The balance due and owing to Movant is $23,321.87. A true and correct copy of Bunney's payment

history is attached hereto as Exhibit "10" and is incorporated herein by this reference.

There is no equity in Subject Property 3 for Debtor or Debtor's estate. After reviewing the most recent

edition of the NADA Recreational Vehicle Appraisal Guide Report, the current value of Subject Property 3 is

$16,330.00, while the outstanding balance is the sum of $23,321.87. A true and correct copy of the NADA

Recreational Vehicle Appraisal Guide Report is attached hereto as Exhibit "11" and is incorporated herein by

this reference.

**SUBJECT PROPERTY 4:**

2009 Damon Daybreak 3204 Motor Home, VIN #5B4LPE7G393435900 ("Subject Property 4")

Movant financed borrower Richard Farmer's ("Farmer") purchase of Subject Property 4 and perfected its

security interest by registering its lien interest on record title to Subject Property 4. True and correct copies of

the Security Agreement and Certificate of Title are attached hereto as Exhibits "12" and "13", respectively, and

are incorporated herein by this reference.

Farmer traded in Subject Property 4 to the Debtor, however, the Debtor has not paid off the lien balance

owing to Movant.

The balance due and owing to Movant is $29,712.66. A true and correct copy of Farmer's payment

history is attached hereto as Exhibit "14" and is incorporated herein by this reference.

There is no equity in Subject Property 4 for Debtor or Debtor's estate. After reviewing the most recent

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 6                                    F 4001-1.RFS.PP.MOTION

edition of the NADA Recreational Vehicle Appraisal Guide Report, the current value of Subject Property 4 is $54,700.00, while the outstanding balance is the sum of $29,712.66. A true and correct copy of the NADA Recreational Vehicle Appraisal Guide Report is attached hereto as Exhibit "15" and is incorporated herein by this reference.

## SUBJECT PROPERTY 5:

2004 Itasca Model M3414 Motor Home, VIN # 4UZAAHDC04CM77001 ("Subject Property 5").

Movant financed borrower Allen Johnson's ("Johnson") purchase of Subject Property 5 and perfected its security interest by registering its lien interest on record title to Subject Property 5. True and correct copies of the Security Agreement and Certificate of Title are attached hereto as Exhibits "16" and "17", respectively, and are incorporated herein by this reference.

Johnson traded in Subject Property 5 to the Debtor, however, the Debtor has not paid off the lien balance owing to Movant.

The balance due and owing to Movant is $78,033.33. A true and correct copy of Johnson's payment history is attached hereto as Exhibit "18" and is incorporated herein by this reference.

There is no equity in Subject Property 5 for Debtor or Debtor's estate. After reviewing the most recent edition of the NADA Recreational Vehicle Appraisal Guide Report, the current value of Subject Property 5 is $72,080.00, while the outstanding balance is the sum of $78,033.33. A true and correct copy of the NADA Recreational Vehicle Appraisal Guide Report is attached hereto as Exhibit "19" and is incorporated herein by this reference.

## SUBJECT PROPERTY 6:

2014 Wildcat 317RL Travel Trailer, VIN #4X4FWCH26ET013447 ("Subject Property 6")

Movant financed borrower Melissa Spurlock's ("Spurlock") purchase of Subject Property 6.

Prior to delivery to Spurlock, Debtor damaged (or received damaged) Subject Property 6. Debtor tried

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 4001-1.RFS.PP.MOTION

to deliver damaged Subject Property 6 to Spurlock who claims to have refused to accept delivery.

Movant perfected its security interest in Subject Property 6 by registering its lien interest or record title

to the vehicle.  True and correct copies of the Security Agreement and paperless Certificate of Title are attached

hereto as Exhibits "20" and "21", respectively, and are incorporated herein by this reference.

Spurlock is unwilling to pay Movant for the damaged collateral.

The balance owing in Subject Property 6 is approximately $55,244.27.  A true and correct copy of

Spurlock's payment history is attached hereto as Exhibit "22" and is incorporated herein by this reference.

There is no equity in Subject Property 6 for Debtor or Debtor's estate.  Since Subject Property 1 is a new

2014 model. There is no valuation available.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                           Page 8                                    F 4001-1.RFS.PP.MOTION

(B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

(C) ☐ A non-individual entity was created just prior to bankruptcy petition date for the sole purpose of filing bankruptcy.

(D) ☐ Other bankruptcy cases were in which an interest in the Property was asserted.

(E) ☐ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

(3) ☐ *(Chapter 12 or 13 cases only)* All payments on account of the Property are being made through the plan and plan payments have not been made to the chapter 12 or chapter 13 trustee for payments due.
☐ postpetition preconfirmation   ☐ postpetition postconfirmation

(4) ☐ The lease has matured, been rejected or deemed rejected by operation of law.

(5) ☐ The Debtor filed a statement of Intentions that indicates the Debtor intends to surrender the Property.

(6) ☐ Movant regained possession of the Property on *(date)* _____ which is
☐ prepetition   ☐ postpetition

(7) ☐ For other cause for relief from stay, see attached continuation page.

b. ■ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

5. **Grounds for annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions

b. ☐ Movant knew the bankruptcy case had been filed, but movant previously obtained relief from stay to proceed with these enforcement actions.

c. ☐ Other *(specify):*

6. ■ **Evidence in Support of Motion:** *(Declaration(s) must be signed under penalty of perjury and attached to this motion)*

a. The PERSONAL PROPERTY DECLARATION on page 6 of this motion.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit(s) _____.

d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 9                                    **F 4001-1.RFS.PP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:    ■ 11 U.S.C. § 362(d)(1)    ■ 11 U.S.C. § 362(d)(2)

2. ■  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its
   remedies to repossess and sell the Property.

3. ☐  Confirmation that there is no stay in effect.

4. ☐  The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to
   enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on
   the same terms and conditions as to the Debtor.

6. ■  The 14-day stay described by FRBP 4001(a)(3) is waived.

7. ☐  The order is binding in any other bankruptcy case purporting to effect the Property filed not later than 2 years after
   the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order
   based upon changed circumstances or for good cause shown, after notice and hearing.

8  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so
   that no further automatic stay shall arise in that case as to the Property.

9. ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any
   interest in the Property for a period of 180 days, so that no further stay shall arise in that case as to the Property.

10 ☐  The order is binding and effective in any bankruptcy case, no matter who the debtor may be
   ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in
   compliance with applicable nonbankruptcy law.

11 ■  If relief is not granted, the court orders adequate protection.

12. ☐  See continuation page for other relief requested.

Dated:    **10/15/14**

ALPERT, BARR & GRANT, A Professional Law Corporation
Print name law firm


MARK S. BLACKMAN
Print name of individual Movant or attorney for Movant


*Mark S. Black*
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                   Page 10                          **F 4001-1.RFS.PP.MOTION**

# PERSONAL PROPERTY DECLARATION

I, (name of declarant) _____ APRIL CURTIS _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property (specify):

   a. ☐   I am the Movant and owner of the Property.

   b. ☐   I manage the Property as the authorized agent for the Movant.

   c. ■   I am employed by Movant as (title and capacity): Assistant Vice President and a Loan Servicing Manager

   d. ☐   Other (specify):

2. a. ■   I am one of the custodians of the books, records and files of Movant that pertain to loans, leases, or extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

   b. ☐   Other (see attached):

3. The Property is:

   a. ■   Vehicle (year, manufacturer, type, and model):
   VARIOUS VEHICLES WHICH DEBTOR HAS IN ITS POSSESSION
   (SEE ATTACHED CONTINUATION PAGES FOR COMPLETE DETAILS AND DESCRIPTION OF VEHICLES)

   b. ☐   Equipment (manufacturer, type, and characteristics):

   Serial number(s):
   Location (if known):

   c. ☐   Other personal property (type, identifying information, and location):

   Located at:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 11                                F 4001-1.RFS.PP.MOTION

4.  The nature of Debtor's interest in the Property is:

    a.  ☐  Sole owner

    b.  ☐  Co-owner (*specify*):

    c.  ☐  Lessee

    d.  ■  Other (*specify*): DEBTOR HAS NO INTEREST IN THE SUBJECT PROPERTIES.

    e.  ■  Debtor ☐ did ■ did not list the Property in the schedules filed in this case.

5.  ☐  The lease matured or was rejected on  (*date*): _____

    a.  ☐  rejected

        (1)  ☐  by operation of law.

        (2)  ☐  by Order of the Court.

    b.  ☐  matured

6.  Movant has a perfected security interest in the Property.

    a.  ☐  A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor to Movant is attached as Exhibit _____.

    b.  ☐  The Property is a motor vehicle, boat or other personal property for which a certificate of title is provided for by state law. True and correct copies of the following items are attached to this Motion:

        (1)  ■  Certificate of title ("pink slip") (Exhibit  _Various exhibits for collateral described above_ ).

        (2)  ☐  Vehicle or other lease agreement (Exhibit _____).

        (3)  ☐  Security agreement (Exhibit _____).

        (4)  ☐  Other evidence of security interest (Exhibit _____).

    c.  ☐  The Property is equipment, intangibles, or other personal property for which a certificate of title is not provided for by state law.  True and correct copies of the following items are attached to this motion:

        (1)  ☐  Security agreement (Exhibit _____).

        (2)  ☐  UCC-1 financing statement (Exhibit _____).

        (3)  ☐  UCC financing statement search results (Exhibit _____).

        (4)  ☐  Recorded or filed leases (Exhibit _____).

        (5)  ☐  Other evidence of perfection of a security interest (Exhibit _____).

    d.  ☐  The Property is consumer goods.  True and correct copies of the following items are attached to this motion:

        (1)  ☐  Credit application (Exhibit _____).

        (2)  ☐  Purchase agreement (Exhibit _____).

        (3)  ☐  Account statement showing payments made and balance due (Exhibit _____).

        (4)  ☐  Other evidence of perfection of a security interest (*if necessary under state law*) (Exhibit _____).

    e.  ☐  Other liens against the Property are attached as Exhibit_____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                        Page 12                        **F 4001-1.RFS.PP.MOTION**

7.   Status of Movant's debt:

   a.   The amount of the monthly payment:  $ N/A (see attached continuation pages)

   b.   Number of payments that became due and were not tendered: ☐prepetition ____ ☐ postpetition

   c.   Total amount in arrears:  $  N/A

   d.   Last payment received on (*date*):  .

   e.   Future payments due by the anticipated hearing date *(if applicable)*:
        An additional payment of $ will come due on (*date*) , and on
        the  day of each month thereafter.  If the payment is not received by the
        day of the month, a late charge of  will be charged under the terms of the loan.

8.   ☐   Attached as Exhibit ____ is a true and correct copy of a POSTPETITION payment history that accurately
     reflects the dates and amounts of all payments made by the Debtor since the petition date.

9.   Amount of Movant's debt:

   a. Principal: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $N/A
   b. Accrued Interest: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $N/A
   c. Costs (attorney's fees, late charges, other costs): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $N/A
   d. Advances (property taxes, insurance): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $N/A
   e. TOTAL CLAIM as of : . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   $N/A

10.  ■ *(Chapter 7 and 11 cases only)*  The fair market value of the Property is: SEE ATTACHED CONTINUATION PAGES.
     This valuation is based upon the following supporting evidence:

   a.  ■   This is the value stated for property of this year, make, model and general features n the referenced guide
       most commonly used source for valuation data used by Movant in the ordinary course of its business for
       determining the value of this type of property.  True and correct copies of the relevant excerpts of the most
       recent edition of the referenced guide are attached as Exhibits 7, 11, 15 and 19   .

   b.  ☐   This is the value determined by an appraisal or other expert evaluation.  True and correct copies of the
       expert's report and/or declaration are attached as Exhibit _____.

   c.  ☐   The Debtor's admissions in the Debtor's schedules filed in the case.  True and correct copies of the relevant
       portions of the Debtor's schedules are attached as Exhibit _____.

   d.  ☐   Other basis for valuation (*specify*):

> **NOTE:**    *If valuation is contested, supplemental declarations providing additional
> foundation for the opinions of value should be submitted.*

11.  Calculation of equity in Property:

   a.  ☐  **11 U.S.C. § 362(d)(1) - Equity Cushion:**

       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s)
       senior to Movant's debt is  $.00 _____ and is .00 % of the fair market value of the Property.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                      Page 13                                      **F 4001-1.RFS.PP.MOTION**

b.  ☐ **11 U.S.C. § 362(d)(2) - Equity:**

By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 10 above, I calculate that the Debtor's equity in the Property is $.00_____ .

12.  ■ The fair market value of the Property is declining based on/due to:
**Continued Use of the Property by the Debtor(s) Without Adequate Compensation to Movant.**

13  ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

14.  ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition  ☐ postpetition.

15.  ☐ (*Chapter 12 or 13 cases only*) Status of Movant's Debt and other bankruptcy case information:

a.  341(a) meeting of creditors is currently scheduled for (of concluded on) (*date*):
A plan confirmation hearing is currently scheduled for (or concluded on) (*date*):
The plan was confirmed on (*if applicable*) (*date*):

b.  Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(see attachment for additional breakdown of information attached as Exhibit _____.)

c.  Postconfirmation payments due BUT REMAINING UNPAID after the plan confirmation date (*if applicable*):

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d.  Postpetition advances or other charges due but unpaid:                    $_
(*for details of type and amount, see Exhibit _____*)

e.  Attorneys' fees and costs:                                                              $
(*for details of type and amount, see Exhibit _____*)

f.  Less suspense account or partial paid balance:                          $[          ]

TOTAL POST-PETITION DELINQUENCY:                          $_

g.  Future payments due by time of anticipated hearing date (*if applicable*):
An additional payment of $_____ will come due on , and on the day of each month thereafter.  If the payment is not received by the day of the month, a late charge of $ _____ will be charged to the loan.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

h. ☐ The entire claim is provided for in the Chapter 12 or 13 plan and postpetition payments are delinquent. a plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (attach LBR form F 4001-1.DEC.AGENT.TRUSTEE).

16. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):

18. ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        (1) Case Name: _____
            Chapter: _____    Case number: _____
            Date dismissed:_____    Date discharged: _____    Date filed:_____
            Relief from stay regarding the property ☐ was ☐ was not   granted.

        (2) Case Name: _____
            Chapter: _____    Case number: _____
            Date dismissed:_____    Date discharged: _____    Date filed:_____
            Relief from stay regarding the property ☐ was ☐ was not   granted.

        (3) Case Name: _____
            Chapter: _____    Case number: _____
            Date dismissed:_____    Date discharged: _____    Date filed:_____
            Relief from stay regarding the property ☐ was ☐ was not   granted.

        ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

        ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified on the attached supplemental declaration(s).

    a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 15                                    F 4001-1.RFS.PP.MOTION

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

_____10-15-14_____          APRIL CURTIS
Date                        Printed Name                    Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                        Page 16                        F 4001-1.RFS.PP.MOTION

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

6345 BALBOA BLVD., SUITE I-300, ENCINO, CALIFORNIA 91316-1523

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION and MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) REGARDING PERSONAL PROPERTY** will be served or was served  **(a)** on the Judge in chambers in the form and manner required by LBR 5005-2(d) and **(b)** in the manner indicated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Orders LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) October  16 , 2014, I check the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below.

■ Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL:**
On (date) October  16 , 2014 I served the following person(s) and/or entities at the last known addresses in this bankruptcy case of adversary proceeding by placing a true and correct copy of thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the Judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

■ Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OF EMAIL** (state method for each person or entity served)  Pursuant to F.R. Civ.P.5 and/or controlling LBR, On October  16 , 2014, I served the following persons and/or entities by personal delivery, overnight mail service or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the Judge here constitutes a declaration the personal delivery on, or overnight mail to, the Judge will be completed no later than 24 hours after the document is filed

Judge Mark S. Wallace, personal delivery, bin beside 5th floor elevators

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

October  16 , 2014          DAVID BROTMAN
Date                                     Printed Name                                     Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                     Page 17                                     F 4001-1.RFS.PP.MOTION

## SERVICE LIST

### SERVED BY UNITED STATES MAIL

### DEBTOR(S)

MEGA RV CORP., a California Corporation, dba McMahon's RV
dba McMahon's RV Irvine dba McMahon's RV Colton
dba McMahon's RV Palm Desert
5400 GARDEN GROVE BLVD.
WESTMINSTER, CALIFORNIA 92683

### 20 LARGEST UNSECURED CREDITORS

Allied Recreation Group, Inc.
1031 US 224 East
Decatur, IN 46733

Ally Financial
412 N. Sierra Way
San Bernardino, CA 92402

Arrowhead Central Credit Union
421 North Sierra Way
San Bernardino, CA 92402

Bank of America
FL09-600-02-26
9000 Southside Blvd.
Building 600
Jacksonville, FL 32256

Bank of the West
2527 Camino Ramon
San Ramon, CA 94583

Dale Carson/Jerry Ferrar
c/o Smith Mitchellweiler
4204 Riverwalk Pk, Ste. 250
Riverside, CA 92505-3377

Forest River, Inc.
55470 County Road 1
Elkhart, IN 46514

Jerry Fields
c/o William Clevenger
24152 Lyons Ave., #226
Newhall, CA 91321

NTP
271150 SW Kinsman Rd
Wilsonville, OR 97070

NTP
27150 SW Kinsman Rd
Wilsonville, OR 97070

NTP
27150 SW Kinsman Rd
Wilsonville, OR 97070

Portfolio General Manage Group Inc.
14651 Dallas Parkway
Suite 502
Dallas, TX 75254

Portfolio Group
14651 Dallas Parkway
Suite 502
Dallas, TX 75254

Reynolds & Reynolds
6700 Hollister
Houston, TX 77040

Reynolds & Reynolds Co.
P.O. Box 182206
Columbus, OH 43218

River Rock Advertising
5400 Garden Grove Blvd.
Westminster, CA 92683

Santander Consumer USA
1010 Mockingbird Lane
Dallas, TX 75247

US Bank
Consumer Loan Servicing
WI-OS-FCLS
Oshkosh, WI 54902

Wells Fargo Bank
P.O. Box 54180
Los Angeles, CA 90054

Winnebago Industries
605 West Crystal Lake Road
Forest City, IA 50436

**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

James C Bastian, Jr on behalf of Interested Party Courtesy NEF
jbastian@shbllp.com

James C Behrens on behalf of Creditor Committee Greenberg Glusker Fields Claman &
Machtinger LLP, jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;
calendar@ggfirm.com

Michelle M Bertolino on behalf of Interested Party Portland Local #8 FCU
mbertolino@fwwlaw.com, dgeorge@fwwlaw.com

Ryan S Carrigan on behalf of Interested Party Courtesy NEF
rscarriganecf@gmail.com, rscarriganlaw@gmail.com

Louis S Chronowski on behalf of Interested Party Courtesy NEF
lchronowski@dykema.com

Donald H Cram, III on behalf of Creditor Ally Financial, Inc.
dhc@severson.com, jc@severson.com

Donald H Cram, III on behalf of Creditor BANK OF AMERICA
dhc@severson.com, jc@severson.com

Donald H Cram, III on behalf of Interested Party Courtesy NEF
dhc@severson.com, jc@severson.com

Brian L Davidoff on behalf of Creditor Committee Greenberg Glusker Fields Claman &
Machtinger LLP., bdavidoff@greenbergglusker.com, kwoodson@greenbergglusker.com;
calendar@greenbergglusker.com;jking@greenbergglusker.com
Vincent W Davis on behalf of Interested Party Courtesy NEF
v.davis@vincentwdavis.com, mary@vincentwdavis.com;e.bershatski@vincentwdavis.com

Rennee R Dehesa on behalf of Interested Party Courtesy NEF
rdehesa@rstlegal.com, alopez@rstlegal.com

Rennee R Dehesa on behalf of Interested Party Elva M. Ayala
rdehesa@rstlegal.com, alopez@rstlegal.com

Andrew S Elliott on behalf of Interested Party Courtesy NEF
ase@severson.com, pag@severson.com

Lauren N Gans on behalf of Creditor Winnebago Industries, Inc.
lgans@shensonlawgroup.com

Duane M Geck on behalf of Interested Party Courtesy NEF
dmg@severson.com, pag@severson.com

Janel M Glynn on behalf of Creditor Western Alliance Bank
janel.glynn@gknet.com, rachel.milazzo@gknet.com

Robert P Goe on behalf of Debtor Mega RV Corp., a California Corporation
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com

Richard H Golubow on behalf of Creditor Edward Steve Banas and Sandra Weinrub Banas,
individually and as Trustee of the Banas Family Trust, rgolubow@winthropcouchot.com
pj@winthropcouchot.com;vcorbin@winthropcouchot.com

Richard H Golubow on behalf of Creditor Old Ranch Properties, LLC
rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com

Gregory K Jones on behalf of Creditor Arrowhead Central Credit Union
GJones@dykema.com, CPerez@dykema.com

John H Kim on behalf of Creditor Santander Consumer USA Inc.
jkim@cookseylaw.com

John H Kim on behalf of Creditor Santander Consumer USA, Inc.
jkim@cookseylaw.com

John H Kim on behalf of Creditor Santander Consumer USA, Inc., an assignee of GE Capital
Consumer Card Co.
jkim@cookseylaw.com

John H Kim on behalf of Creditor Santander Consumer USA, Inc., an assignee of GEMB
Lending Inc.
jkim@cookseylaw.com

John H Kim on behalf of Creditor Santander Consumer USA, Inc., servicer for E*Trade
Consumer Finance Corporation as assignee of Thor Credit Corp
jkim@cookseylaw.com

Andrew B Levin on behalf of Creditor Edward Steve Banas and Sandra Weinrub Banas,
individually and as Trustee of the Banas Family Trust
alevin@winthropcouchot.com, bayrelevin@hotmail.com; pj@winthropcouchot.com;
mconour@winthropcouchot.com

Andrew B Levin on behalf of Creditor Old Ranch Properties, LLC
alevin@winthropcouchot.com, bayrelevin@hotmail.com; pj@winthropcouchot.com;
mconour@winthropcouchot.com

Erica T Loftis on behalf of Interested Party Courtesy NEF
bknotice@rcolegal.com

Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (SA)
elizabeth.lossing@usdoj.gov

Melissa Davis Lowe on behalf of Interested Party Courtesy NEF
mdavis@shbllp.com, lverstegen@shbllp.com

Melissa Davis Lowe on behalf of Interested Party Phillip and Gail Cowan
mdavis@shbllp.com, lverstegen@shbllp.com

Marc S Mazer on behalf of Interested Party Courtesy NEF
mazer@bwmlaw.com, elizabeth@bwmlaw.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

David W. Meadows on behalf of Interested Party Portland Local #8 FCU
david@davidwmeadowslaw.com

Joel S. Miliband on behalf of Debtor Mega RV Corp., a California Corporation
jmiliband@brownrudnick.com

Scott Montgomery on behalf of Interested Party V.S.M., A Minor
smontgomery@abbeylaw.com, ldabbs@abbeylaw.com

Gerard W O'Brien on behalf of Creditor James McConnell
gerardwobrien@gmail.com, missjanperalta@gmail.com

Gerard W O'Brien on behalf of Creditor Lorraine McConnell
gerardwobrien@gmail.com, missjanperalta@gmail.com

Barry L O'Connor on behalf of Creditor Steve Banas and Sandy Banas Executors of the Banas
Family Trust, udlawBK@aol.com

Aram Ordubegian on behalf of Creditor Altman Colton Properties, Inc.
ordubegian.aram@arentfox.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF
ordubegian.aram@arentfox.com

Courtney E Pozmantier on behalf of Creditor Committee Greenberg Glusker Fields Claman &
Machtinger LLP
cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;
jking@greenbergglusker.com;calendar@greenbergglusker.com

Yuval M Rogson on behalf of Creditor U.S. Bank National Association
yuval@rogsonlaw.com, yrogson@hotmail.com

Gregory M Salvato on behalf of Interested Party Courtesy NEF
gsalvato@salvatolawoffices.com, calendar@salvatolawoffices.com;
jboufadel@salvatolawoffices.com

Allan D Sarver on behalf of Creditor Gary Collins
ADSarver@aol.com

Kenneth Schnur on behalf of Interested Party Courtesy NEF
schnur@bwmlaw.com, elizabeth@bwmlaw.com

Summer Shaw on behalf of Creditor Lewis & Patricia E Minard
hanlaw@aol.com

Summer Shaw on behalf of Interested Party Courtesy NEF
hanlaw@aol.com

Jonathan Shenson on behalf of Interested Party Jonathan Seligmann Shenson
jshenson@shensonlawgroup.com

Arash Shirdel on behalf of Creditor Traveland International, LLC
ashirdel@pacificpremierlaw.com, ECF@pacificpremierlaw.com

Ramesh Singh on behalf of Interested Party Recovery Management Systems Corporation
claims@recoverycorp.com

Arjun Sivakumar on behalf of Debtor Mega RV Corp., a California Corporation
asivakumar@brownrudnick.com

Wayne R Terry on behalf of Creditor GE Commercial Distribution Finance Corporation
wterry@hemar-rousso.com

Wayne R Terry on behalf of Interested Party Courtesy NEF
wterry@hemar-rousso.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

Danielle K Wakefield on behalf of Interested Party Courtesy NEF
dwakefield@bplawgroup.com, danielle@wakefieldlawfirm.com

Sam S Yebri on behalf of Interested Party ARBOGAST BUICK, PONTIAC, GMC INC.
syebri@mylawllp.com