Robert P. Goe - State Bar No. 137019
Donald W. Reid – State Bar No. 281743
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 510
Irvine, CA 92612
rgoe@goeforlaw.com
dreid@goeforlaw.com

Telephone:  (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for Debtor and Debtor-in-Possession

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MEGA RV CORP., a California Corporation; DBA McMahon's RV; DBA McMahon's RV Irvine; DBA McMahon's RV Colton; DBA McMahon's RV Palm Desert,<br><br>          Debtor and Debtor-in-Possession. | Case No. 8:14-bk-13770-MW<br><br>Chapter 11 Proceeding<br><br>**APPLICATION TO EMPLOY LANCE, SOLL & LUNGHARD, LLP AS ACCOUNTANT**<br><br>**DECLARATIONS OF J. MICHAEL ISSA AND JASON P. FRANTZ IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)] |

     **TO THE HONORABLE MARK WALLACE, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND PARTIES IN INTEREST:**

     MEGA RV CORP., a California corporation, dba McMahon's RV; dba McMahon's RV Irvine; dba McMahon's RV Colton; and dba McMahon's RV Palm Desert ("Applicant" or "Debtor"), for the Chapter 11 estate in the above-referenced bankruptcy case, hereby applies to this Court for an order authorizing it to employ Lance, Soll & Lunghard, LLP ("LSL") as

1

Debtor's accountant pursuant to 11 U.S.C. § 327(a).  In support thereof, the Applicant respectfully submits the Declarations of J. Michael Issa ("Issa Declaration") and Jason P. Frantz ("Frantz Declaration"), and respectfully represent as follows:

1. On June 15, 2014 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2. The Debtor is continuing in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No request has been made for the appointment of a trustee or an examiner in this case.

4. Prior to the Debtor filing for bankruptcy, LSL previously represented the Debtor and prepared tax returns for the Debtor.

5. LSL currently has a prepetition unsecured claim against the Debtor in the amount of $25,550.00 for these services.  LSL has agreed to waive all prepetition claims against the Debtor upon the approval of its postpetition employment by the Court.

6. The Debtor requires the services of LSL to prepare tax returns.

7. Also, on June 27, 2014, the Internal Revenue Service ("IRS") filed a proof of claim in this bankruptcy case, designated by the Court as Claim No. 6-1, asserting a priority unsecured claim against the Debtor in the amount of $1,410,418.97 (the "IRS Claim").  The IRS Claim represents that the Debtor did not file payroll tax returns with the IRS from the second quarter of 2008 (2Q08) through to the fourth quarter of 2010 (4Q10).  For each of the eleven (11) unreported quarters, the IRS claimed unassessed tax was due in the amount of $107,838.63, for a total amount (including interest) of $1,388,588.17.  The IRS Claim also asserts claims arising from 2013 and 2014 in the total amount of $21,830.80.  Finally, the IRS represents that the IRS Claim will be amended upon the Debtor filing payroll tax returns with the IRS.

8. The Debtor has reviewed the IRS Claim and believes it to be overstated.

9. The Debtor will require LSL to review for objection the IRS Claim and other tax claims filed.

10.     Accordingly, the Debtor herein applies to employ LSL as accountants pursuant to the *Tax Examination Engagement Letter*, dated July 2, 2015, attached to the Issa Declaration as **Exhibit "1".** LSL will provide accounting services to the Debtor, including (i) review of the IRS Claim and potentially other tax claims, (ii) representation the Debtor in any negotiations with the IRS, (ii) preparation and filing of the necessary state and federal tax returns, (iv) review of the Debtor's financial documents, and (v) performance of any other reasonable duties assigned by the Debtor.

11.     The Debtor seeks to employ LSL pursuant to 11 U.S.C. § 327(a), which provides that "the trustee [or debtor in possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee [or debtor in possession] in carrying out the trustee's duties under this title."

12.     LSL is uniquely familiar with the Debtor's business and is well qualified to perform these services on behalf of the Debtor.  LSL has over eighty years of experience and provides a full complement of tax, accounting and auditing services to clients in a variety of industries throughout California and neighboring states.  LSL's breadth of experience and length of service are described in the resumes attached to the Frantz Declaration as **Exhibit "2"**.

13.     LSL has agreed to perform accounting services and to thereafter make application to this Court for compensation pursuant to 11 U.S.C. § 330.  LSL intends to bill its services at the following hourly rates:

| | |
|---|---|
| Partner | $280.00/hour |
| Manager | $185.00/hour |
| Senior-In-Charge | $140.00/hour |
| Staff Assistant | $120.00/hour |
| Bookkeeper | $115.00/hour |

14.     To the best of Debtor's knowledge, LSL (i) does not hold or represent any interest adverse to the Debtor, creditors, or the estate,       (ii) has no connection with the Debtor except for

3

1  having formerly provided services to the Debtor, (iii) has no connection to the creditors, any other

2  party in interest, their respective attorneys and accountants, the United States Trustee, any person

3  employed in the Office of the United States Trustee, or any bankruptcy judge in the United States

4  Bankruptcy Court for the Central District of California, (iv) is a disinterested person as that term is

5  defined in 11 U.S.C. § 101(14), and (v) has agreed to waive prepetition claims against the estate

6  upon its employment being approved by the Court.

7      15.    Accordingly, the Debtor believes that the retention of LSL is in the best interests of

8  the Debtor's bankruptcy estate.

9      WHEREFORE, the Debtor respectfully requests an order: (i) authorizing it to employ LSL

10  as accountants, effective July 2, 2015, as an administrative expense of the estate upon the terms

11  and conditions in this application, and (ii) granting such other and further relief that the Court

12  deems to be just and proper.

13

14

15

16  DATED:  July 20, 2015                          **GLASSRATNER ADVISORY &**
                                                    **CAPITAL GROUP, LLC**
17

18                                                  By: _____

19                                                      J. Michael Issa, Financial Advisor for
                                                        Debtor and Debtor-in-Possession
20

21

22  Respectfully presented by:
    **GOE & FORSYTHE, LLP**
23

24  By: /s/Robert P. Goe

25      Robert P. Goe
        Attorneys for Debtor and Debtor-in-Possession
26

27

28

## DECLARATION OF J. MICHAEL ISSA

I, J. Michael Issa, am the financial advisor for MEGA RV CORP. ("Debtor"), the debtor and debtor in possession in the above captioned bankruptcy case. Unless otherwise stated, I have personal knowledge of the facts set forth below. I am over 18 years of age and if called to testify I would competently testify thereto. I make this declaration in support of the *Application to Employ Lance, Soll & Lunghard, LLP as Accountants* ("Application"), to which this declaration is attached. Any terms not otherwise defined herein have the same meanings as they do in the Application.

1.      On June 15, 2014 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      The Debtor remains in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      No request has been made for the appointment of a trustee or an examiner in this case.

4.      Prior to the Debtor filing for bankruptcy, LSL previously represented the Debtor and prepared tax returns for the Debtor.

5.      LSL currently has a prepetition unsecured claim against the Debtor in the amount of $25,550.00 for these services. LSL has agreed to waive all prepetition claims against the Debtor upon the approval of its postpetition employment by the Court.

6.      The Debtor requires the services of LSL to prepare tax returns.

7.      On June 27, 2014, the Internal Revenue Service ("IRS") filed a proof of claim in this bankruptcy case, designated by the Court as Claim No. 6-1, asserting a priority unsecured claim against the Debtor in the amount of $1,410,418.97 (the "IRS Claim"). The IRS Claim represents that the Debtor did not file payroll tax returns with the IRS from the second quarter of 2008 (2Q08) through to the fourth quarter of 2010 (4Q10). For each of the eleven (11) unreported quarters, the IRS claimed unassessed tax was due in the amount of $107,838.63, for a total amount (including interest) of $1,388,588.17. The IRS Claim also asserts claims arising from 2013 and

2014 in the total amount of $21,830.80.  Finally, the IRS represents that the IRS Claim will be amended upon the Debtor filing payroll tax returns with the IRS.

8.    The Debtor has reviewed the IRS Claim and believes it to be overstated.

9.    The Debtor requires LSL to review for objection the IRS Claim and other tax claims filed.

10.    Accordingly, the Debtor herein applies to employ LSL as accountants pursuant to the *Tax Examination Engagement Letter*, dated July 2, 2015, a true and correct copy of which is attached hereto as **Exhibit "1".**  LSL will provide accounting services to the Debtor, including (i) review of the IRS Claim, (ii) representation the Debtor in any negotiations with the IRS, (iii) preparation and filing of the necessary state and federal estate tax returns, (iv) review of the Debtor's financial documents, and (v) performance of any other reasonable duties assigned by the Debtor.

11.    The Debtor seeks to employ LSL pursuant to 11 U.S.C. § 327(a), which provides that "the trustee [or debtor in possession], with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee [or debtor in possession] in carrying out the trustee's duties under this title."

12.    LSL is uniquely familiar with the Debtor's business and is well qualified to perform these services on behalf of the Debtor.  LSL has over eighty years of experience and provides a full complement of tax, accounting and auditing services to clients in a variety of industries throughout California and neighboring states.

13.    LSL has agreed to perform accounting services and to thereafter make application to this Court for compensation pursuant to 11 U.S.C. § 330.  LSL intends to bill its services at the following hourly rates:

| Partner | $280.00/hour |
|---|---|
| Manager | $185.00/hour |
| Senior-In-Charge | $140.00/hour |

| Staff Assistant | $120.00/hour |
| Bookkeeper | $115.00/hour |

14.    To the best of the my knowledge, LSL (i) does not hold or represent any interest adverse to the Debtor, creditors, or the estate, (ii) has no connection with the Debtor except for having formerly provided services to the Debtor, (iii) has no connection to the creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, any person employed in the Office of the United States Trustee, or any bankruptcy judge in the United States Bankruptcy Court for the Central District of California, (iv) is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and (v) has agreed to waive all prepetition claims against the estate upon its employment being approved by the Court.

15.    Accordingly, I believe that the retention of LSL is in the best interests of the Debtor's bankruptcy estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the 20 day of July 2015.

J. Michael Issa, Financial Advisor to the Debtor

### DECLARATION OF JASON P. FRANTZ

I, Jason P. Frantz, am a tax manager employed by LANCE, SOLL & LUNGHARD, LLP ("LSL"), the proposed accountants for MEGA RV CORP. ("Debtor"), the debtor and debtor in possession in the above captioned bankruptcy case. Unless otherwise stated, I have personal knowledge of the facts set forth below. I am over 18 years of age and if called to testify I would competently testify thereto. I make this declaration in support of the *Application to Employ Lance, Soll & Lunghard, LLP as Accountants* ("Application"), to which this declaration is attached. Any terms not otherwise defined herein have the same meanings as they do in the Application.

1.    Prior to the Debtor's filing for bankruptcy, LSL previously represented the Debtor and prepared tax returns for the Debtor.

2.    LSL currently has a prepetition unsecured claim against the Debtor in the amount of $25,550.00 for these services. LSL has agreed to waive all prepetition claims against the Debtor upon the approval of its postpetition employment by the Court.

3.    LSL is uniquely familiar with the Debtor's business and is well qualified to perform these services on behalf of the Debtor. LSL has over eighty years of experience and provides a full complement of tax, accounting and auditing services to clients in a variety of industries throughout California and neighboring states. True and correct copies of the resumes of those LSL professionals who will provide services to the Debtor are attached hereto as **Exhibit "2"**.

4.    LSL has agreed to perform accounting services and to thereafter make application to this Court for compensation pursuant to 11 U.S.C. § 330. LSL intends to bill its services at the following hourly rates:

| | |
|---|---|
| Partner | $280.00/hour |
| Manager | $185.00/hour |
| Senior-In-Charge | $140.00/hour |
| Staff Assistant | $120.00/hour |
| Bookkeeper | $115.00/hour |

1    5.    To the best of the my knowledge, LSL (i) does not hold or represent any interest

2  adverse to the Debtor, creditors, or the estate, (ii) has no connection with the Debtor except for

3  having formerly provided services to the Debtor, (iii) has no connection to the creditors, any other

4  party in interest, their respective attorneys and accountants, the United States Trustee, any person

5  employed in the Office of the United States Trustee, or any bankruptcy judge in the United States

6  Bankruptcy Court for the Central District of California, (iv) is a disinterested person as that term is

7  defined in 11 U.S.C. § 101(14), and (v) has agreed to waive all prepetition claims against the

8  estate upon its employment being approved by the Court.

9

10    I declare under penalty of perjury under the laws of the United States of America that the

11  foregoing is true and correct and that this declaration was executed on the 22 day of July 2015.

12

13

        Jason P. Frantz, Lance, Soll & Lunghard, LLP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# EXHIBIT 1

# EXHIBIT 1

• David E. Hale, CPA, CFP       • Deborah A. Harper, CPA
• Donald G. Slater, CPA         • Gary A. Cates, CPA
• Richard K. Kikuchi, CPA       • Michael D. Mangold, CPA
• Susan F. Matz, CPA            • David S. Myers, CPA
• Bryan S. Gruber, CPA

**LSL**
CERTIFIED PUBLIC ACCOUNTANTS

July 2, 2015

**TAX EXAMINATION ENGAGEMENT LETTER**

Mega RV Corp., dba McMahons RV
Attn:  Mike Issa
19800 MacArthur Blvd., Ste. 820
Irvine, CA  92612

Dear Mike Issa:

This letter confirms arrangements for us to represent you in connection with an IRS examination of your federal payroll tax returns. In order to begin this engagement, please sign the attached Form 2848, *Power of Attorney and Declaration of Representative*, which we will use to notify the IRS that we are your authorized representative, and return a signed copy of this letter provided for the purpose of confirming the terms of our engagement.

We will represent you before the IRS during this examination, unless either party terminates the arrangement in writing. In the event we cannot resolve all issues at the examination level, we can prepare and present an appeal of any proposed deficiency at the Appeals Division of the Internal Revenue Service, although that appeal is not part of this engagement.

We generally will not audit, or otherwise verify, information you provide for presentation to the Internal Revenue Service during the course of the examination. However, we may ask you for further clarification and expect you to provide that clarification promptly and candidly. Also, our professional standards require that we make inquiry about representations that seem unusual or inconsistent with other knowledge we have of your affairs.

Your communications with us regarding matters raised in an examination of your tax returns are "confidential," not "privileged." That means, in most cases our communications cannot be disclosed to third parties without your approval. Tax advice has limited protection from disclosure to the Internal Revenue Service. On the other hand, privileged communications are not permitted to be disclosed, even in court. There is no accountant-client privilege in criminal tax matters. Accordingly, if we are served by a properly issued administrative summons compelling us to testify in court proceedings, even our confidential communications are subject to disclosure, except in the limited circumstance of tax advice. In the event we are served with a summons regarding your affairs we will immediately contact your legal counsel so that your rights can be protected.

The Internal Revenue Service has recently initiated procedures that have led to a growing number of requests by examining agents to interview the taxpayer directly. However, you have a statutory right to be represented, and *not* to meet with the examining agent (unless you are served with an enforceable administrative summons). It is in your best interest to refer any questions or other contact from a revenue agent or other tax official to us without any discussion with the tax official. While our firm is engaged as your representative, you agree that any direct contact by the IRS, or other tax officials will be promptly referred to us as your authorized representative. If you choose to appear before, or discuss this case with, a tax official against our advice, you do so at your own risk.

Lance, Soll & Lunghard, LLP    203 North Brea Boulevard • Suite 203 • Brea, CA 92821 • TEL 714.672.0022 • Fax 714.672.0331    www.lslcpas.com

Orange County    Temecula Valley    Silicon Valley
EXHIBIT "1"                                                                                PAGE 10

# LSL
**CERTIFIED PUBLIC ACCOUNTANTS**

Client Name
Page 2

## ENGAGEMENT ADMINISTRATION, FEES, AND OTHER

David Myers, CPA is the engagement partner and is responsible for supervising the engagement and signing the report or authorizing another individual to sign it.

The hourly rates are as follows: Partner $280, Manager $185, Senior-In-Charge $140, Staff Assistant $120, Bookkeeper $115. The fee estimate is based on anticipated cooperation from your personnel and the assumption that unexpected circumstances will not be encountered during the work performed. If significant additional time is necessary, we will discuss it with you and arrive at a new fee before we incur the additional costs. Our invoices for these fees will be rendered each month as work progresses and are payable on presentation.

In accordance with our firm policies, work may be suspended if your account becomes 90 days or more overdue and will not be resumed until your account is paid in full. If we elect to terminate our services for nonpayment, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed your engagement. You will be obligated to compensate us for all time expended and to reimburse us for all out-of-pocket expenditures through the date of termination.

## Record Retention Policy

Our firm policy is to retain all work papers for seven years from the completion of the engagement as long as a client remains with us.  If we are no longer engaged to provide services for a client, we will retain work papers for three years from the completion of the engagement.  After this time period, we will destroy them without notice to you.

## Limitation of Liability Clause

In recognition of the relative risks and benefits of this agreement to both the client and the accounting firm, the client and the accounting firm have discussed and have agreed on the fair allocation of risk between them. As such, the client agrees, to the fullest extent permitted by law, to limit the liability of the accounting firm to the client for any and all claims, losses, costs, and damages of any nature whatsoever, so that the total aggregate liability of the accounting firm to the client shall not exceed three (3) times the accounting firm's total fee for services rendered under this agreement. The client and the accounting firm intend and agree that this limitation apply to any and all liability or cause of action against the accounting firm, however alleged or arising, unless otherwise prohibited by law.

## Submission to Arbitration

If any dispute, controversy, or claim arises, either party may, upon written notice to the other party, request that the matter be mediated.  Such mediation will be conducted by a mediator appointed by and pursuant to the Rules of the American Arbitration Association or such other neutral facilitator acceptable to both parties. The fees and expenses of the mediator, if any, will be borne equally by the parties. If any dispute, controversy, or claim cannot be resolved by mediation, then the dispute, controversy, or claim will



Client Name
Page 3

be settled by arbitration in accordance with the Rules of the American Arbitration Association (AAA) for the Resolution of Accounting Firm Disputes. Such arbitration shall be binding and final. In agreeing to arbitration, we both acknowledge that each of us is giving up the right to have the dispute decided in a court of law before a judge or jury and instead we are accepting the use of arbitration for resolution.

We appreciate the opportunity to be of service to you and believe this letter accurately summarizes the significant terms of our engagement. If you have any questions, please let us know. If you agree with the terms of our engagement as described in this letter, please sign the enclosed copy and return it to us. Thanks for your confidence in our firm.

Sincerely,

David S. Myers, CPA, Partner
LANCE, SOLL & LUNGHARD, LLP

Accepted By: _____ on Behalf of MEGA RV, CORP DEBTOR IN POSSESSION

Title: _FINANCIAL ADVISER TO DEBTOR_

Date: _7/6/15_

**LSL**
CERTIFIED PUBLIC ACCOUNTANTS

• David E. Hale, CPA, CFP    • Deborah A. Harper, CPA
• Donald G. Slater, CPA      • Gary A. Cates, CPA
• Richard K. Kikuchi, CPA    • Michael D. Mangold, CPA
• Susan F. Matz, CPA         • David S. Myers, CPA
• Bryan S. Gruber, CPA

July 2, 2015

Mega RV Corp., dba McMahons RV
Attn:  Mike Issa
19800 MacArthur Blvd., Ste. 820
Irvine, CA  92612

<u>**YOU MUST READ, SIGN AND RETURN THIS LETTER TO US**</u>

We appreciate the opportunity of working with you and advising you regarding your income tax. The Internal Revenue Service imposes penalties upon taxpayers, and upon us as return preparers, for failure to observe due care in reporting for income tax returns. This letter is to explain our understanding of the arrangements for the services we are to perform for you for the year ending December 31, 2014. We ask that you either confirm or amend that understanding.

<u>**OUR TAX SERVICES**</u>

We will prepare the Company's 2014 federal and requested state income tax returns, including Schedules K-1 for the shareholders, and the related estimates which you will be required to file from the information you will furnish to us.

We will perform limited analysis of your accounts, as we deem necessary in our professional judgment, solely for purpose of preparing your tax returns. We may propose adjusting journal entries to your accounts.  Our analysis cannot be relied upon to discover defalcations or irregularities; however, we will inform you if we discover such defalcations or irregularities. If, during our work, we discover information that affects prior-year tax returns, we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior-year returns. If you become aware of such information during the year, please contact us to discuss the best resolution of the issue. We will be happy to prepare appropriate amended returns as a separate engagement.

We will use professional judgment in resolving questions where the tax law is unclear, or where there may be conflicts among the taxing authorities' interpretations of the law and other supportable positions. When possible, we will resolve such questions in your favor if there is reasonable justification for doing so. We will explain the possible positions which may be taken on your return. We will adopt whatever position you request on your return as long as it is consistent with the laws, regulations, and interpretations which have been promulgated. In the event, however, that you ask us to take a tax position that in our professional judgment will not meet the applicable laws and standards as promulgated, we reserve the right to stop work and shall not be liable to you for any damages that occur as a result of ceasing to render services. If the taxing authorities should later contest the position taken on your income tax return, there may be assessment of additional tax, plus interest and penalties. We assume no liability for any such additional penalties or assessment.

In order to ensure your returns are accurate and avoid possible underpayment or late payment penalties, we may attempt to verify with federal and state taxing authorities whether all of your tax payments have been received and properly applied to your account. By your signature below, you authorize us to verify the amounts and dates of the tax payment information you provide.

In addition to the income tax returns, we will report to you any ideas or observations developed during the performance of our services that we believe will be useful to the management of your business. We will

---

**Lance, Soll & Lunghard, LLP**    203 North Brea Boulevard • Suite 203 • Brea, CA 92821 • TEL 714.672.0022 • Fax 714.672.0331    **www.lslcpas.com**

**Orange County    Temecula Valley    Silicon Valley**

EXHIBIT "1"                                                                PAGE 13

**LSL**
CERTIFIED PUBLIC ACCOUNTANTS

Page 2

also be available to assist the Board of Directors and management on business and tax problems which may arise.

We will also be available to answer your inquiries on specific tax matters and to consult with you on income tax planning.

## YOUR RESPONSIBILITIES

It is your responsibility to provide us with all the information required for the preparation of complete and accurate returns. You should retain all the documents, canceled checks and other data that form the basis of income and deductions, unless arrangements have been made for us to retain this information for you in our files. They may be necessary to prove the accuracy and completeness of the returns to a taxing authority.

The IRS requires that your records include the amount, time, place, business purpose and business relationship of any expenses for travel, entertainment and meals claimed on your return. By your signature below, you are confirming to us that you have documentation for auto use, travel, gifts, meals and entertainment.  In addition, you are confirming that you have records of your mileage for business purposes if any auto-related business expenses are claimed on your return. You are also confirming that you have written substantiation for charitable contributions of $250 or more from the charitable organization. If you have any questions as to the type of records required, please ask us for advice in that regard.

Finally, you are confirming that you have disclosed to us all financial accounts held in foreign countries (if any). You are responsible for reporting foreign activities. By signing this letter you acknowledge that you will inform us if you have income from foreign sources or if you have signatory authority over any foreign account, you own non-real estate assets located in a foreign country, or you engage in any foreign transactions with a related entity. If you are unsure whether income or an account is foreign, we will review it. **Note that the penalties for failure to report foreign activities are severe.**

You are responsible for determining your state and local tax filing obligations with respect to all state and local authorities including, but not limited to income, franchise, sales and use, and excise taxes. You agree that Lance, Soll & Lunghard, LLP has no responsibility to research these obligations or to inform you of them.  These services are available at additional cost. If you wish to engage us to perform these services, our firm requires that you sign an engagement letter detailing our agreement to perform such services prior to any such services being rendered.

The law provides for a penalty to be imposed where a taxpayer makes a substantial understatement of their tax liability. For S corporation and individual taxpayers, a substantial understatement exists when the understatement for the year exceeds the greater of 10 percent of the tax required to be shown on the return, or $5,000. The penalty is 20 percent of the tax underpayment. Because an S corporation is an entity in which tax attributes flow through to its shareholders, the penalty for substantial understatement of tax relating to S corporation items may be imposed on the shareholder. Taxpayers may seek to avoid all or part of the penalty by showing (1) that they acted in good faith and there was reasonable cause for the understatement, (2) that the understatement was based on substantial authority, or (3) that the relevant facts affecting the item's tax treatment were adequately disclosed on the return. You agree to advise us if you wish disclosure to be made in your returns or if you desire us to identify or perform further research with respect to any material tax issues for the purpose of ascertaining whether, in our opinion, there is "substantial authority" for the position proposed to be taken on such issues in your returns.

Page 3

**The filing deadline for the tax returns is, generally, March 15.  In order to meet this filing deadline, we must receive your information in substantially complete form by February 15.**

If an extension of time to file is required, we will use the information available to us at the time to prepare the extension. **An extension, however, only provides you with an extension to file the return itself, not an extension to pay any potential tax due. Taxes paid after March 15 will result in penalties and interest.**

**In addition, if a return is filed late (after March 15 if not extended, or after September 15 if extended), the IRS assesses a penalty of $195 per shareholder per month or fraction thereof.**

You have the final responsibility for the income tax returns and therefore you should review them carefully before signing and mailing them or signing and returning the e-file authorization forms (Form 8879-S) to our office.

<u>**ADMINISTRATION, FEES, AND OTHER**</u>

Our fees are based on the time required by the individuals assigned to the engagement, plus direct expenses.  Our fees for the preparation of the corporate tax returns, extensions (if necessary) and quarterly estimates will be based on actual time at standard rates.  Individual hourly rates vary according to the degree of responsibility involved and the skill required. Billings are due upon submission. A 1.5% per month finance charge will be assessed on any invoices not paid within 30 days of the invoice date.

We provide you with a copy of your tax return when filed.  Due to the high volume of requests for copies later in the year and in order to cover our cost of producing additional requested copies, there will be a charge of $25 for EACH tax year for which an additional copy is requested, after the date of filing.

In accordance with our firm policies, work may be suspended if your account becomes <u>90</u> days or more overdue and will not be resumed until your account is paid in full. If we elect to terminate our services for nonpayment, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed your engagement. You will be obligated to compensate us for all time expended and to reimburse us for all out-of-pocket expenditures through the date of termination.

Your tax returns may be selected for review by the taxing authorities. Our fee does not include responding to inquiries by taxing authorities, and you understand that we are not responsible for IRS or state disallowance of doubtful deductions or inadequately supported documentation, nor for resulting taxes, penalties and interest.  Any items which may be resolved against you by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, we will be available upon request to represent you and will render additional invoices for the time and expenses incurred.

During the process of preparing your tax returns it may be necessary to allow our software provider to temporarily have access to your financial information in order to produce a complete and accurate return. Your information will not be retained by our software provider. By your signature below you are authorizing us to disclose to our software provider this information.



Page 4

If any dispute arises among the parties, they agree first to try in good faith to settle the dispute by mediation administered by the American Arbitration Association ("AAA") under Rules for Professional Accounting and Related Services Disputes ("Rules"), before resorting to litigation. Costs of any mediation proceedings shall be shared equally by all parties. Any disputes over fees charged by us shall be decided by final and binding arbitration in accordance with the Rules of the AAA. In agreeing to arbitration, we both acknowledge that in the event of a dispute over fees charged by us, each of us is giving up the right to have the dispute decided in a court of law before a judge or jury and instead we are accepting the use of arbitration for resolution.

In recognition of the relative risks and benefits of this agreement to both the client and the accounting firm, the client and the accounting firm have discussed and have agreed on the fair allocation of risk between them. As such, the client agrees, to the fullest extent permitted by law, to limit the liability of the accounting firm to the client for any and all claims, losses, costs, and damages of any nature whatsoever, so that the total aggregate liability of the accounting firm to the client shall not exceed three (3) times the accounting firm's total fee for services rendered under this agreement. The client and the accounting firm intend and agree that this limitation apply to any and all liability or cause of action the accounting firm, however alleged or arising, unless otherwise prohibited by law.

Our firm policy is to retain all work papers for seven years from the completion of the engagement as long as a client remains with us. If we are no longer engaged to provide services for a client, we will retain work papers for three years from the completion of the engagement. After this time period, we will destroy them without notice to you.

If the above fairly sets forth your understanding, please sign the enclosed copy of this letter where indicated and return it to us. A corporate officer in charge of tax matters must sign. **Work cannot commence until a signed copy of this document is returned**.

We are pleased to have you as a client, and look forward to a long and mutually satisfying relationship.

Very truly yours,

LANCE, SOLL & LUNGHARD, LLP

*Lance, Soll & Lunghard, LLP*

Accepted:

Signature: _____

S-Corporation Name: Mega RV Corp. dba McMahons RV

Officer Name: J.M. ISSA

Title: FINANCIAL ADVISER TO DEBTOR

Date: 7/6/15

# EXHIBIT 2

# EXHIBIT 2



## Lance, Soll & Lunghard, LLP



ABOUT US
SERVICES
INDUSTRIES
CAREERS
RESOURCES
CONTACT US

**ABOUT US ❖**

**History**

**Our Team**

**Partners**

**Managers**

Kim Manning
Frank C. North
Sam Graciano
Lisa L. Coryell
Jason P. Frantz
Erika Aaron
J'on Dennis
Maria-Luisa Valdez
Laurie Zimmerman
Mike Agresti
Adam Odom

**Life at LSL**

# Jason P. Frantz, CPA



### Education
Jason received his Bachelor of Arts in Business Administration with an emphasis in accounting from California State University, Fullerton in 2005.

### Experience
He joined the firm in 2005, initially working in the municipal, automotive and tax departments. He has since specialized in the automotive and tax departments and became a manager in 2010.

### Professional & Community Associations
Jason is a member of the American Institute of Certified Public Accountants and the California Society of Certified Public Accountants.

Copyright © 2010 Lance, Soll & Lunghard, LLP



 Lance, Soll & Lunghard, LLP



ABOUT US
SERVICES
INDUSTRIES
CAREERS
RESOURCES
CONTACT US

**ABOUT US ❖**

**History**

**Our Team**

Partners

David E. Hale
Donald G. Slater
Richard K. Kikuchi
Susan F. Matz
Bryan S. Gruber
Deborah A. Harper
Gary A Cates
Michael D. Mangold
David Myers

**Managers**

**Life at LSL**

# David Myers, CPA



## Education

David received his Bachelors Degree in Accounting from The Master's College and a Masters in Taxation Degree from Golden Gate University

## Experience

Dave joined VPB in 1992 and became a partner in 2000. Mr. Myers currently serves as the firm's tax partner. He has developed special expertise in the real estate, international tax and estate and trust areas. Dave's major focus is tax planning and preparation for business and individual clients and helping them structure business and real estate transactions to reduce tax liabilities. Dave has worked in the public accounting profession for over 22 years.

Copyright © 2010 Lance, Soll & Lunghard, LLP          Home | About Us | Services | Industries | Careers | Resources | Contact Us | Privacy | Terms

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 18101 Von Karman Avenue, Suite 510, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY LANCE, SOLL & LUNGHARD, LLP AS ACCOUNTANT; DECLARATIONS OF J. MICHAEL ISSA AND JASON P. FRANTZ IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 22, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠    Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL**:
On (*date*) July 22, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠    Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 22, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Mark Wallace, USBC, 411 West Fourth Street, Santa Ana, CA 2701

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 22, 2015 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- **Marc Andrews**   sandra.g.mcmasters@wellsfargo.com
- **Adam N Barasch**   anb@severson.com, dgl@severson.com
- **James C Bastian**   jbastian@shbllp.com
- **James C Behrens**   jbehrens@greenbergglusker.com, kwoodson@ggfirm.com;calendar@ggfirm.com
- **Alex L Benedict**   bkinfo.ablaw@gmail.com, alexbenedict2000@yahoo.com
- **Michael Jay Berger**   michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
- **Michelle M Bertolino**   , dgeorge@fwwlaw.com
- **Mark S Blackman**   MBlackman@AlpertBarr.Com
- **J Scott Bovitz**   bovitz@bovitz-spitzer.com
- **Keith Butler**   kbutler@fgppr.com
- **Frank Cadigan**   frank.cadigan@usdoj.gov
- **Ryan S Carrigan**   rscarriganecf@gmail.com, rscarriganlaw@gmail.com
- **Louis S Chronowski**   lchronowski@dykema.com
- **Donald H Cram**   dhc@severson.com, jc@severson.com
- **Brian L Davidoff**   bdavidoff@greenbergglusker.com, kwoodson@greenbergglusker.com;calendar@greenbergglusker.com;jking@greenbergglusker.com
- **Andrew S Elliott**   ase@severson.com, pag@severson.com;jc@severson.com
- **Mark D Estle**   mark.estle@buckleymadole.com
- **M Douglas Flahaut**   flahaut.douglas@arentfox.com
- **Lauren N Gans**   lgans@shensonlawgroup.com
- **Duane M Geck**   dmg@severson.com, pag@severson.com
- **Janel M Glynn**   janel.glynn@gknet.com, rachel.milazzo@gknet.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;mforsythe@goeforlaw.com
- **Matthew A Gold**   courts@argopartners.net
- **Richard H Golubow**   rgolubow@winthropcouchot.com, pj@winthropcouchot.com;vcorbin@winthropcouchot.com
- **Gregory K Jones**   GJones@dykema.com, CPerez@dykema.com
- **John H Kim**   jkim@cookseylaw.com
- **Andy Kong**   Kong.Andy@ArentFox.com
- **Nancy L Lee**   bknotice@rcolegal.com, nlee@rcolegal.com;RCO@ecf.inforuptcy.com
- **Andrew B Levin**   alevin@winthropcouchot.com, bayrelevin@hotmail.com;pj@winthropcouchot.com;mconour@winthropcouchot.com
- **Elizabeth A Lossing**   elizabeth.lossing@usdoj.gov
- **Marc S Mazer**   mazer@weillmazer.com, CJ@weillmazer.com
- **David W. Meadows**   david@davidwmeadowslaw.com
- **Joel S. Miliband**   jmiliband@brownrudnick.com
- **Craig Millet**   cmillet@gibsondunn.com, pcrawford@gibsondunn.com;cmillet@gibsondunn.com
- **Christopher Minier**   becky@ringstadlaw.com
- **Nicholas E Mitchell**   nmitchell@lfcu.com
- **Scott Montgomery**   smontgomery@abbeylaw.com, ldabbs@abbeylaw.com
- **Gerard W O'Brien**   gerardwobrien@gmail.com, missjanperalta@gmail.com
- **Barry L O'Connor**   udlawBK@aol.com
- **Aram Ordubegian**   ordubegian.aram@arentfox.com
- **R G Pagter**   gibson@ppilawyers.com, ecf@ppilawyers.com
- **Courtney E Pozmantier**   cpozmantier@greenbergglusker.com, kwoodson@greenbergglusker.com;jking@greenbergglusker.com;calendar@greenbergglusker.com
- **Holly Roark**   holly@roarklawoffices.com, G2978@notify.cincompass.com

- **Gregory E Robinson    ger@rrlawyers.com**
- **Yuval M Rogson    yuval@rogsonlaw.com, chris@rogsonfirm.com**
- **Gregory M Salvato    gsalvato@salvatolawoffices.com,
  calendar@salvatolawoffices.com;jboufadel@salvatolawoffices.com**
- **Allan D Sarver    ADSarver@aol.com**
- **Kenneth Schnur    schnur@bwmlaw.com, elizabeth@bwmlaw.com**
- **Summer Shaw    hanlaw@aol.com**
- **Jonathan Shenson    jshenson@shensonlawgroup.com**
- **Arash Shirdel    ashirdel@pacificpremierlaw.com,
  ECF@pacificpremierlaw.com;g18147@notify.cincompass.com**
- **Ramesh Singh    claims@recoverycorp.com**
- **Arjun Sivakumar    asivakumar@brownrudnick.com**
- **Wayne R Terry    wterry@hemar-rousso.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
- **Danielle K Wakefield    danielle@wakefieldlawfirm.com**
- **Sam X J Wu    wuefile@yahoo.com**
- **Sam S Yebri    syebri@mylawllp.com**

**TO BE SERVED BY UNITED STATES MAIL**:

Credit Union of Southern California
c/o Buchalter Nemer
18400 Von Karman Ave., Suite 800
Irvine, CA 92612

Greenberg Glusker et al.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067

Daniel King
c/o Law Offices of Steven R. Fox
17835 Ventura Blvd., Suite 306
Encino, CA 91316

Erica T Loftis
RCO Legal, PS
1241 E Dyer Rd Ste 250
Santa Ana, CA 92705

The Law Offices of John A. Belcher
55 S Lake Ave Ste 801
Pasadena, CA 91101

Adeline Thifault
2107 S Spinnaker St
Anaheim, CA 92802

Elva M. Ayala
300 E. Esplanade Drive, Ste. 1980
Oxnard, CA 93036

Charles Rossman
721 W. Whittier Blvd., Ste N.
La Habra, CA 90631

Dean P Sperling
Law Office of Dean P. Sperling
114 Pacifica, Ste.250
Irvine, CA 92618