BRIAN L. DAVIDOFF (SBN 102654)
BDavidoff@GreenbergGlusker.com
COURTNEY E. POZMANTIER (SBN 242103)
CPozmantier@GreenbergGlusker.com
JAMES C. BEHRENS (SBN 280365)
JBehrens@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for The Official Committee of
Unsecured Creditors

ROBERT P. GOE (SBN 137019)
rgoe@goeforlaw.com
DONALD W. REID (SBN 281743)
dreid@goeforlaw.com
GOE & FORSYTHE, LLP
18101 Von Karman Avenue, Suite 510
Irvine, California 92612
Telephone: 949.798.2460
Facsimile: 949.955.9437

Attorneys for Mega RV Corp.,
Debtor and Debtor in Possession

**FILED & ENTERED**

**AUG 05 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>MEGA RV CORP., a California corporation; d/b/a McMahon's RV; d/b/a McMahon's RV Irvine; d/b/a McMahon's RV Colton; d/b/a McMahon's RV Palm Desert,<br><br>Debtor and Debtor in Possession. | Case No. 8:14-bk-13770-MW<br><br>Chapter 7<br><br>**ORDER (1) APPROVING SECOND AMENDED DISCLOSURE STATEMENT; (2) SETTING HEARING ON CONFIRMATION OF SECOND AMENDED PLAN; AND (3) SETTING PROCEDURES AND DEADLINES**<br><br><u>Confirmation Hearing</u>:<br>Date: September 16, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 6C<br>   Ronald Reagan Federal Building<br>   411 West 4th Street<br>   Santa Ana, CA 92701 |

16118-00002/2434522.3

ORDER APPROVING DISCLOSURE
STATEMENT AND SOLICITATION

On June 19, 2015, MEGA RV CORP., a California corporation, dba McMahon's RV; dba McMahon's RV Irvine; dba McMahon's RV Colton; and dba McMahon's RV Palm Desert ("Mega" or the "Debtor"), and the Official Committee of Creditors (the "Committee", and together with the Debtor the "Plan Proponents") appointed in the chapter 11 case of Mega RV Corp. filed the *Disclosure Statement Describing Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated June 19, 2015* [Docket No. 649] (as subsequently amended by the First Amended Disclosure Statement and the Second Amended Disclosure Statement, the "Disclosure Statement"), the *Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated June 19, 2015* [Docket No. 650] (as subsequently amended by the First Amended Plan and the Second Amended Plan, the "Plan"), and the *Motion for Entry of Order Approving: (A) the "Disclosure Statement Describing Joint Chapter 11 Plan of Liquidation filed by Debtor and Official Committee of Unsecured Creditors Dated June 19, 2015" as Containing Adequate Information; (B) the Form, Scope and Nature of Solicitation, Balloting, Tabulation and Notices with Respect to the "Joint Chapter 11 Plan of Liquidation filed by Debtor and Official Committee of Unsecured Creditors Dated June 19, 2015"; and (C) Related Confirmation Procedures, Deadlines and Notices* [Docket No. 651] (the "Motion").[1]

The Plan Proponents received two informal objections to the Disclosure Statement from: (i) the State Board of Equalization ("SBE") and (ii) GE Commercial Distribution Finance ("CDF"). Both of these objections were consensually resolved through amendments to the Disclosure Statement that are reflected in the *First Amended Disclosure Statement Describing First Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated July 20, 2015* [Docket No. 666] (the "First Amended Disclosure Statement") and the *First Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated July 20, 2015* [Docket No. 667] (the "First Amended Plan").

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

Roadtrek Motorhomes, Inc. ("Roadtrek") filed a formal objection to the Disclosure Statement [Docket No. 665] on July 13, 2015 (the "Roadtrek Objection"). Portfolio General Management Group, Inc. filed an objection to the scheduled hearing on the First Amended Disclosure Statement [Docket No. 670] (the "Portfolio Objection") and Roadtrek filed a joinder to the Portfolio Objection.

The Plan Proponents filed the *Joint Reply of Official Committee of Unsecured Creditors and Debtor to: 1. Informal Disclosure Statement Objections; and 2 Roadtrek's Opposition to Disclosure Statement; Declaration of John A. Belcher in Support Thereof* [Docket No. 669] on July 20, 2015 and the *Joint Reply of Plan Proponents to Portfolio General Management Group, Inc.'s Objection to Hearing on Approval of Amended Disclosure Statement and Chapter 11 Plan and The Joinder of Roadtrek Motorhomes, Inc.* [Docket No. 679] on July 24, 2015.

The Court issued a tentative ruling on the Motion and the First Amended Disclosure Statement on July 24, 2015 (the "Tentative Ruling"). A hearing on the Motion and the First Amended Disclosure Statement was held on July 27, 2015 at 9:00 a.m. (the "Hearing"). Appearances at the Hearing were as noted on the record of the Hearing. At the Hearing, the Court adopted its Tentative Ruling regarding the Motion and the Disclosure Statement, and requested certain revisions to the Disclosure Statement be completed by August 3, 2015.

On August 3, 2015 at 2:00 p.m., the Court held a further telephonic hearing regarding the revisions to the First Amended Disclosure Statement and entered an order regarding the revisions subsequent to the telephonic hearing [Docket No. 689 on August 4, 2015 (the "August 4 Order").

The Plan Proponents then filed the *Second Amended Disclosure Statement Describing Second Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated August 4, 2015* [Docket No. 690] (the "Second Amended Disclosure Statement"), the *Second Amended Joint Chapter 11 Plan of Liquidation Filed by Debtor and Official Committee of Unsecured Creditors Dated August 4, 2015* [Docket No. 691] (the "Second Amended Plan"), and the *Notice of: (A) Submission of Redlines of (1) Disclosure Statement, (2) Plan and (3) Confirmation Hearing Notice; (B) Submission of Exhibit 2 to Disclosure Statement; and (C) Publication of Banner Ad* [Docket No. 692] (the "Submission of Redlines") which reflect

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16118-00002/2434522.3                    3                    ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION

the revisions required by the Tentative Ruling and directed by the August 4 Order.

    The Court has reviewed and considered, among other things, the Motion, the Disclosure Statement, the Plan, the First Amended Disclosure Statement, the First Amended Plan, the Roadtrek Objection, the Portfolio Objection, the Reply, the Portfolio Reply, the Second Amended Disclosure Statement and the Second Amended Plan. Based on this review and consideration, the Court finds that: (1) notice of the Motion was adequate and appropriate under the circumstances and no other notice need by given; (2) the Disclosure Statement (as amended by the First Amended Disclosure Statement and the Second Amended Disclosure Statement) contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code; (3) that the Portfolio Objection is without merit and should be overruled; (4) the Roadtrek Objection was sustained in part as set forth in the Tentative Ruling and the August 4 Order [Docket No. 689]; (5) granting the Motion as set forth herein is in the best interests of the estate and creditors; and (6) other good and sufficient cause to grant the Motion.

    IT IS HEREBY ORDERED that:

1. The Motion is granted as set forth herein.

2. The Roadtrek Objection is sustained in part as set forth in the Tentative Ruling and the August 4 Order.

3. The Portfolio Objection is overruled.

4. The Disclosure Statement (as amended by the First Amended Disclosure Statement and the Second Amended Disclosure Statement) is approved.

5. The Plan Proponents are authorized to distribute the Disclosure Statement and utilize the Disclosure Statement to solicit acceptances and rejections to the Plan.

6. The Plan Proponents are authorized, prior to distribution, to conform the Disclosure Statement, the Plan, the Confirmation Hearing Notice and the Ballot to the terms of this Order, and to alter the format of such documents to facilitate their prompt and economical distribution (e.g., where applicable, single spacing the documents, removing pleading lines, and fixing any typographical errors).

7. On or before August 7, 2015, the Plan Proponents will serve (or cause to be

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

served) a "Solicitation Package" consisting of: (1) the Plan, (2) the Disclosure Statement, (3) the Confirmation Hearing Notice, amended as set forth on Exhibit 3 to the Submission of Redlines; and (4) the form of Ballot attached as Exhibit 3 to the Motion (if the intended recipient holds a claim in a Class that is entitled to vote on the Plan), on the following persons and entities:

    a. All creditors that have filed a proof of claim in this chapter 11 case (other than creditors that filed a proof of claim that since has been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise);

    b. All creditors that the Debtor scheduled as holding one or more claims in its Schedules of Assets and Liabilities (the "Schedules") in an amount in excess of $0;

    c. All non-debtor parties to unexpired leases and executory contracts with the Debtor, as identified in Schedule G of the Debtor's Schedules;

    d. The Office of the United States Trustee (the "U.S. Trustee") and the governmental units enumerated in Bankruptcy Rule 2002(j) and LR 2002(b).

8. The Solicitation Package may be served pursuant to Paragraph 7 hereof by way of a USB Drive, containing electronic copies of the Solicitation Package in Adobe Acrobat (.pdf) or Microsoft Word (.doc or .docx) format; provided that the Ballot, where applicable, and the Confirmation Hearing Notice (which shall contain an index of the documents on the USB Drive), shall be served in hardcopy form.

9. With respect to transferred claims, if any, (1) if the notice of transfer of claim required by Bankruptcy Rule 3001(e)(2) if filed on or before entry of this Order, the Solicitation Package will be mailed to the transferee in accordance with the notice of transfer, and the transferee will be entitled to vote to accept or reject the Plan, and (2) if the notice of transfer is filed after entry of the Order, them the Solicitation Package will be mailed to the original claim holder, and the original claim holder will be entitled to vote to accept or reject the Plan.

10. Parties that do not qualify to receive a Solicitation Package pursuant to Paragraph 7 of this Order, including, without limitation, parties listed on the list of creditors filed by the Debtor in accordance with Bankruptcy Rule 1007(a)(1) but who do not hold scheduled or filed

claims of any kind, shall be served with the Confirmation Hearing Notice only.

11. The Plan Proponents are authorized to: (1) cause the one-time publication of the Publication Notice, substantially in the form attached to the Motion as Exhibit 2, in the Orange County Register, on or before five (5) business days following entry of this Order, and (2) publish a banner ad regarding the Confirmation Hearing on www.motorhome.com, which Publication Notice and banner ad shall constitute adequate and sufficient notice of the contents of the Confirmation Hearing Notice on all unknown claimants and any other claimants that do not receive the Confirmation Hearing Notice.

12. The Plan Proponents are authorized to employ the following procedures for balloting and the tabulation of ballots with respect to the Plan.

    a. The amount of a claim for the purposes of ballot tabulation will be:

        i. For a claim identified in the Schedules as non-contingent, liquidated, and undisputed in an amount in excess of $0, and that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline (defined below), and for which no proof of claim has been timely filed, the claim amount as identified in the Schedules;

        ii. For a timely-filed proof of claim that asserts a claim in a liquidated amount (whether or not additional unliquidated claims are also asserted therein), that is not the subject of a pending objection filed before the Ballot Deadline, and that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline, the liquidated amount identified in such proof of claim;

        iii. For a timely-filed proof of claim that asserts a claim solely in an unliquidated amount, that is not the subject of a pending objection filed before the Ballot Deadline, and that has not been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise prior to the Ballot Deadline, the amount of one dollar ($1);

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

16118-00002/2434522.3          6          ORDER APPROVING DISCLOSURE STATEMENT AND SOLICITATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

   iv. For a claim that is, in whole or in part, the subject of a pending objection filed before the Ballot Deadline, the undisputed amount, if any, of such claim, unless such claim is temporarily allowed under Bankruptcy Rule 3018(a) at or prior to the Confirmation Hearing; provided, however, that any creditor whose claim is the subject of a pending objection filed before the Ballot Deadline may nonetheless tender a ballot, which shall only be counted as it relates to the disputed amount of such claim upon the temporary allowance of such claim by the Court.

 b. If a creditor submits a ballot relating to a claim (i) for which there is no timely-filed proof of claim and there is no corresponding non-contingent, liquidated, and undisputed claim held by such creditor set forth in the Schedules, (ii) which has been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise, or (iii) which is the subject of an unresolved objection filed prior to the Ballot Deadline, such ballot will not be counted unless otherwise ordered by the Court.

 c. Creditors that have claims in more than one voting class under the Plan must submit a separate ballot for each voting class. If a creditor uses a single ballot to vote claims in more than one class, such combined ballot will not be counted.

 d. If a creditor casts more than one eligible ballot with respect to the same claim before the Ballot Deadline, the last ballot received prior to that deadline shall supersede any prior ballot(s) by such creditor with respect to such claim. Any creditor that requires additional copies of a ballot may obtain an additional ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the ballots.

 e. Any ballot that is incomplete or not received by the Ballot Deadline shall not be counted; provided, however, that any ballot that is signed but that does not indicate an acceptance or rejection of the Plan shall be deemed to be a ballot

accepting the Plan.

  f. James Behrens, an attorney at Greenberg Glusker Fields Claman & Machtinger LLP, or such other person designated by the Plan Proponents (the "Ballot Tabulator") shall tabulate the ballots and prepare the appropriate reports with respect thereto. After tabulation of the ballots, a Plan Ballot Summary will be filed with the Court.

13. The deadline by which ballots to accept or reject the Plan must actually be received by the Ballot Tabulator shall be <u>September 4, 2015 at 5:00 p.m.</u> (Pacific time) (the "Ballot Deadline").

14. The hearing on confirmation of the Plan (the "Confirmation hearing") shall commence on <u>September 16, 2015 at 2:00 p.m.</u>

15. The Plan Proponents shall file their memorandum of law in support of confirmation of the Plan and serve such memorandum on the Notice Parties (identified in the following Paragraph) no later than <u>August 26, 2015</u>.

16. The deadline by which any party objecting to confirmation of the Plan must file and serve its objection and evidence in support thereof will be <u>September 4, 2015</u>. Any such objection must be in writing, specify the name and address of the party objecting, set forth the amount of the objecting party's claims and any other grounds giving the objector standing to object, set forth the grounds for the objection, and be accompanied by the objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence. The objection and evidence in support thereof will be served on the following (the "Notice Parties"):

  a. Counsel for the Committee, Greenberg Glusker Fields Claman & Machtinger LLP, Attn: Brian L. Davidoff and Courtney E. Pozmantier, 1900 Avenue of the Stars, Ste. 2100, Los Angeles, CA 90067; email: bdavidoff@greenbergglusker.com and cpozmantier@greenbergglusker.com;

  b. The Debtor, c/o GlassRatner Advisory & Capital Group, LLC, 19800 MacArthur Blvd., Suite 820, Irvine, CA 92612; email: missa@glassratner.com;

  c. Counsel for the Debtor, Goe & Forsythe LLP, Attn: Robert P. Goe, 18101 Von Karman Avenue, Suite 510, Irvine, California 92612; email: rgoe@goeforlaw.com;

  d. the Office Of the United States Trustee, Attn: Frank Cadigan, 411 West Fourth Street, Suite 9041, Santa Ana, CA 92701, email: Frank.Cadigan@usdoj.gov; and

  e. the Special Notice Parties.[2]

17. Any objection not timely filed and served will be deemed to be waived and to be deemed consent to the Court's entry of an order confirming the Plan.

18. Any reply memorandum in support of confirmation of the Plan and/or in response to an objection to confirmation of the Plan, and any evidence in support thereof, shall be filed and served on the Notice Parties and any objecting parties no later than September 9, 2015.

19. The Ballot Tabulator shall file the Plan Ballot Summary with the Court no later than September 9, 2015.

20. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

### # # #

Date: August 5, 2015

*Mark S. Wallace*
United States Bankruptcy Judge

---

[2] A list of the Special Notice Parties may be obtained by contacting James Behrens at jbehrens@greenbergglusker.com.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590